## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Daniel Joseph Rice, | Case No. 21-cv-2686 (ECT/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Barb Pasansen, et al., | |
| Defendants. | |

The Minnesota version of the Uniform Mandatory Disposition of Detainers Act (UMDDA), Minn. Stat. § 629.292, permits incarcerated persons to "request final disposition of any untried indictment or complaint." To do so, the prisoner must submit his formal request for disposition of the criminal proceedings to prison officials, who then are required by the UMDDA to submit to the court and prosecuting attorney both the request for prosecution and information regarding the prisoner's current term of incarceration — how much time the prisoner has served, how much of the term of imprisonment is remaining, and so on. *See* Minn. Stat. § 629.292, subd. 2. The criminal case generally must then be brought to trial within six months of the receipt of the request by the court and the prosecutor, though the court may allow for additional time if good cause for such an extension is shown. *See* Minn. Stat. § 629.292, subd. 3.

Plaintiff Daniel Joseph Rice is currently being prosecuted in state court on two counts of unlawfully possessing a firearm or ammunition. *See State v. Rice*, No. 62-CR-20-7608 (Minn. Dist. Ct.). Rice is also a prisoner of the Minnesota Department of Corrections due to a separate criminal judgment. In December 2020, Rice submitted a request for prosecution on the pending gun charges to prison officials, consistent with the

1

UMDDA. The request, however, was not forwarded by prison officials to the court or prosecuting attorney. Several months later, Rice learned of the error and notified the prison, which immediately mailed the request and appropriate documents to the court. But from Rice's perspective, the damage had already been done, as more than 180 days had elapsed since he submitted the UMDDA request to the prison, and therefore (Rice argues) the criminal proceedings on the gun charges should already have concluded by the time that the prison belatedly forwarded the request for prosecution. Rice brings this action under 42 U.S.C. § 1983 seeking, among other things, dismissal of the pending criminal charges and monetary damages from the three prison officials alleged to have been responsible for the mistake regarding the forwarding of the prosecution request.

This matter is before the Court on preliminary review of the complaint under 28 U.S.C. § 1915A. "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir.

2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Before turning to the claims that Rice *is* raising in this lawsuit, it is worth noting the claims that Rice is *not* — and could not — raise in this lawsuit. Rice could not sue directly for violations of the UMDDA, as the Court would lack original jurisdiction over any such claims (even assuming that the UMDDA provides a private right of civil action, which is doubtful). Nor could Rice seek habeas corpus relief on the basis that the UMDDA was violated; the UMDDA is state law, and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The question of whether Rice's ongoing prosecution violates the UMDDA is not before the Court and cannot appropriately be put before the Court.

Instead, the question before the Court is whether the defendants have been plausibly alleged to have violated Rice's federal constitutional rights by failing to properly forward the UMDDA request to the court and prosecutor. *See* 42 U.S.C. § 1983. To establish liability under § 1983, Rice must establish intentional misconduct by the defendants, not mere negligence. *See, e.g.*, *Wilson v. Cross*, 845 F.2d 163, 165 (8th Cir. 1988) (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). The complaint does not

3

suggest, much less plausibly allege, that any of the named defendants acted intentionally in failing to forward the request for prosecution as required under the UMDDA; as Rice acknowledges, the mistake was corrected as soon as it was brought to the attention of the appropriate parties.  *See* Complaint at 8 [Docket No. 1].  The lack of intentionality by defendants, by itself, suffices to defeat Rice's § 1983 claims.

But there is another, more fundamental problem with those claims.  Rice alleges that he is entitled to relief under § 1983 due to an alleged infringement of his federal constitutional rights to due process and a speedy trial.  But the only way in which Rice alleges that these rights were violated were through the alleged violation of the UMDDA that was facilitated by the defendants.  No federal constitutional provision, however, mandates passage of the UMDDA by state legislatures or creates an entitlement to UMDDA-like procedures.  And as explained above, Rice cannot seek relief under the UMDDA directly.  Thus, to the extent that Rice's § 1983 claims are premised upon violations of the UMDDA, the claims fail as a matter of law, and to the extent that Rice's § 1983 claims are predicated upon constitutional violations separate and apart from the UMDDA violations, the claims are too conclusory to state a claim for relief.  In either case, the § 1983 claims should be dismissed.

Finally, even if Rice had pleaded a plausible claim on which relief could be granted under § 1983, this matter still could not go forward at this time.  "The *Younger* abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding."  *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010);

*accord Younger v. Harris*, 401 U.S. 37 (1971).  All three elements of *Younger* are satisfied here.  Rice's criminal proceedings remain ongoing; he may present any constitutional challenges to the validity of the prosecution during those criminal proceedings; and criminal prosecutions are the ur-example of litigation implicating important state interests. *See Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Younger*, 401 U.S. at 46-47.  Thus, even if Rice had presented a viable claim, the Court would be required not to exercise jurisdiction over that claim pursuant to *Younger* until the state criminal prosecution had concluded.[1]

In any event, Rice has not plausibly alleged a violation of his federal constitutional rights, and it is on that basis that this Court recommends dismissal of this action without prejudice.  *See* 28 U.S.C. § 1915A(b).  Rice remains responsible for the unpaid portion of the statutory filing fee, which must be paid in installments as funds become available to Rice.  *See* 28 U.S.C. § 1915(b).  Finally, this Court does not believe that appointment of counsel is likely to substantially further Rice's ability to prosecute this action at this time — again, even if Rice could plead a viable claim for relief, the Court would be required to abstain from adjudicating that claim for the foreseeable future.  Accordingly, it is recommended that Rice's motions for appointment of counsel be denied.  *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case.").

---

[1] And if Rice's criminal proceedings were to conclude with his conviction, he would thereafter be barred from bringing any claims under § 1983 that necessarily implied the invalidity of the criminal judgment.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

5

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, this Court RECOMMENDS that:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

2. Rice's application to proceed *in forma pauperis* [Dkt. No. 2] be **GRANTED**.

3. Rice be directed to pay the unpaid balance ($103.88) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Rice is confined.

4. Rice's motions for appointment of counsel [Dkt Nos. 3 & 6] be **DENIED**.

Dated: March 22, 2022                                   s/David T. Schultz
                                                                                             DAVID T. SCHULTZ
                                                                                             U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).